| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| Al Rushaid Drilling, Ltd., et al., | § § | |
| Plaintiffs, | § § | |
| versus | § § | Civil Action H-10-4768 |
| Texas International Oilfield Tools, Ltd., | § § | |
| Defendant. | § § | |

## Opinion on Summary Judgment

1. *Introduction.*

This is a dispute between a drilling contractor and one of its suppliers. The contractor says that the supplier breached a covenant against degradation by having filed a lawsuit.

2. *Agreement.*

Al Rushaid Drilling is an oil-drilling contractor and Saudi Arabian company. From 2006 to 2008, Rushaid bought equipment from Texas International Oilfield Tools, a Texas company with its principal place of business in Houston, Texas.

In October of 2010, Rushaid learned that one of its employees, James Wight, had been bribed by suppliers to overpay for equipment. Rushaid met with Oilfield to settle a possible derivative dispute on Tuesday, October 19. That morning, unknown to Rushaid, Oilfield had sued Wight and Rushaid in state court. That evening both companies signed an agreement. It required Oilfield to pay $1.5 million. The parties also agreed to a joint venture that would yield Rushaid $5.5 million over 36 months.

The next morning, Oilfield dismissed its state-court action against Rushaid without Rushaid's having been aware of its 24-hour suit. On Thursday, Rushaid discovered the abandoned complaint through an Internet article by the *Houston Chronicle*. One week later, Rushaid sued Oilfield for breach of contract.

Oilfield has moved for summary judgment, saying that its prior lawsuit did not violate the agreement. It will prevail.

3.   *Contract.*

Under the agreement, Rushaid released Oilfield from "all liability . . . of any cause of action . . . known or unknown . . ." that Rushaid may have had at the time of the signing. The agreement also superseded "all prior agreements and understandings."

The release was negotiated between sophisticated parties. Both were represented by counsel and had had extensive dealings with each other. The scope of release is clear – a full, general pardon of events before the agreement.

Rushaid says that Oilfield's failure to disclose the pending lawsuit in "good faith" vitiated its consent. Rushaid also says that ignorance of the suit is a mistake of fact allowing recision. Rushaid now wants damages for events that were settled by its agreement with Oilfield.

4.   *Release.*

The contract's release is general in scope. It includes all possible legal claims that existed before the signing of the contract, including those unknown. The merger clause says that all agreements are subsumed in the written contract. The parties may not rely on anything said during the negotiation.

Rushaid wants to rescind the agreement due to a mistake of fact – its ignorance of Oilfield's lawsuit. Recision for a mistake of fact is only allowed if both parties rely on the same material, incorrect fact. Oilfield knew of its own lawsuit and negotiated the terms that released it from liability. Lack of knowledge by Rushaid was unilateral and immaterial.

5.   *Degradation.*

The companies also agreed to "refrain from causing others to express . . . derogatory or negative opinion . . ." of the other.

Rushaid says that Oilfield's pending lawsuit allowed the *Houston Chronicle* to publish an Internet article on Thursday, two days after the settlement. Because the article summarized Oilfield's complaint, Rushaid says that it is an expression of negative opinion caused by Oilfield. It also says that the lawsuit should have been dismissed when the agreement was signed. Rushaid ignores that the suit had been filed in the morning and the agreement signed that evening. Rushaid essentially relies on the pending lawsuit as one continuous action, recurring until dismissal.

Oilfield filed only one lawsuit against Rushaid. Rushaid released Oilfield from liability for that lawsuit when it signed the agreement.

6. *Disclosure.*

The agreement requires confidentiality. The one-day existence of Oilfield's state-action enabled the *Houston Chronicle* to publish a summary of its complaint. Oilfield says that after the agreement was signed, it did nothing to breach confidentiality. It does not make editorial decisions for the *Houston Chronicle*. Both companies agree that Oilfield's only action after the agreement was to dismiss its lawsuit. The dismissal did not disclose confidences. By October 2010, Rushaid had pending lawsuits in three other countries in connection with Wight's conduct.

7. *Conclusion.*

Rushaid wishes it had negotiated different terms. It wishes, perhaps, that it had narrowed the scope of the release, or requested disclosure of pending lawsuits. Rushaid's remorse is not Oilfield's breach. Oilfield has abided by the contract, and so must Rushaid.

Oilfield will be awarded attorneys' fees and costs.

Signed on August 19, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge